UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **KELLY A. BULATOVICH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  No. 2:19CV178-PPS |
| | ) |
| **ANDREW M. SAUL,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

This closed Social Security disability appeal is before me on the motion of plaintiff's counsel for an attorney's fee pursuant to 42 U.S.C. §406(b)(1). [DE 23.] In January 2020, I granted the parties' joint motion to remand the case to the Social Security Administration for further proceedings. [DE 18, 19.] Shortly thereafter, plaintiff's counsel was awarded, by stipulation of the parties, $6,965.58 in attorney's fees under the Equal Access to Justice Act. [DE 21, 22.] On remand, Bulatovich has been awarded a period of disability and past-due benefits in the amount of $104,372.50. [DE 23 at 1.]   Of the past-due benefits awarded, 25% or $26,093.13, is being withheld by the Commissioner for potential payment of attorney's fees to Bulatovich's counsel. [*Id.*]

Section 406(b)(1)(A) authorizes the district court, after a judgment favorable to the social security claimant, to "determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." Here, Bulatovich's counsel

seeks a fee in the amount of the full 25% of the past-due benefits.  The petition represents that counsel for the Commissioner has reviewed the fee petition and does not oppose it. [*Id*. at 5.]

I conclude that a full 25% contingency fee is reasonably awarded.  First, I note that claimant Bulatovich entered into a Social Security contingent Fee Contract for representation in this court, in which Bulatovich agreed to a contingent fee of up to 25% of whatever past-due benefits she would be awarded as a result of counsel's representation. [DE 23-2 at 1.]  So Bulatovich was fully aware of the potential for such a fee and agreed to that possibility.

Second, I believe that, absent extraordinary circumstances, a reasonable contingency fee for representation in social security appeals should be awarded in successful cases.  The Supreme Court has acknowledged that "'the marketplace for Social Security representation operates large on a contingency fee basis.'"  *Gisbrecht v. Barnhart*, 535 U.S. 789, 804 (2002), quoting Department of Health and Human Services, Social Security Administration, Office of Hearings and Appeals, Report to Congress:  Attorney Fees Under Title II of the Social Security Act 3 (July 1988).  Contingency fees acknowledge and reward the substantial risk counsel face in undertaking this kind of case.  The availability of contingency fee arrangements offer several societal benefits, by encouraging attorneys to represent claimants in social security appeals and enabling claimants unable to pay an hourly fee to obtain counsel.

Even though the hourly rate represented by the full 25% contingency fee seems like it might be excessive if viewed in isolation, I agree with Justice Burger's analysis:

> Attorneys who take cases on contingency, thus deferring payment of their fees until the case has ended and taking upon themselves the risk that they will receive no payment at all, generally receive far more in winning cases than they would if they charged an hourly rate.  The difference, however, reflects the time-value of money and the risk of nonrecovery usually borne by clients in cases where lawyers are paid an hourly rate.

*Hensley v. Eckerhart*, 461 U.S. 424, 448-449 (1983) (Burger, J., concurring); *see also Everroad v. Astrue*, No. 4:06-cv-100-DFH-WGH, 2009 WL 363546, at *2, *4 (S.D. Ind. Feb. 11, 2009) (approving hourly rate of approximately $800 in a social security case).  Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, §406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht*, 535 U.S. at 808-809.

I am aware of no circumstances militating against awarding Bulatovich's attorney the full 25% contingent fee to which Bulatovich agreed.  Counsel's performance before this court and on remand has resulted in a substantial award of past-due benefits, as well as secured for the client ongoing disability benefits and health care benefits, all as a result of counsel's work on her behalf.  Counsel devoted 37.3 hours to Bulatovich's case, and was professionally qualified to do so. [DE 23-4 at 2.]  I will approve the requested 25% fee award.  Because a judgment awarding a fee under §406(b) precludes any other fee for counsel's representation before the court, upon receipt of the §406(b) award here granted, counsel will be required to refund to Bulatovich the EAJA fee award of $6,965.58 previously obtained.

3

**ACCORDINGLY:**

The relief requested in the petition seeking an attorney fee of $26,093.13 pursuant to the Social Security Act is GRANTED. [DE 23.]

The Court ORDERS that payment by the Commissioner in the amount of $26,093.13 be made directly to attorney Frederick J. Daley, Jr. in accordance with the agreement signed by Plaintiff.

The Court further ORDERS Frederick J. Daley, Jr. to refund to Plaintiff Kelly Bulatovich the EAJA fee of $6,965.58, which represents the amount of the EAJA award already paid to Frederick J. Daley, Jr. and now credited to Plaintiff.

SO ORDERED.

ENTERED: June 10, 2021.

>  /s/   Philip P. Simon
> PHILIP P. SIMON, JUDGE
> UNITED STATES DISTRICT COURT